No. 1-05-3254

FIRST DIVISION
Filed: 6/18/07

| | | |
|---|---|---|
| CINDY SMITH, as Independent Administrator | ) | Appeal from the |
| of the Estate of Shannon Orr, Deceased, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 04 L 12887 |
| | ) | |
| JEWEL FOOD STORES, INC., | ) | |
| ALBERTSON'S, INC., AMERICAN | ) | |
| PROCUREMENT AND LOGISTICS | ) | |
| COMPANY, and PETER DeSUNO, | ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff Cindy Smith, as the administrator of the estate of Shannon Orr, brought a wrongful death action and an action under the Survival Act (755 ILCS 5/27-6 (West 2004)). Shannon Orr died as the result of a motor vehicle accident on April 23, 2004, in Kendall County, Illinois, when her vehicle was struck from behind by a truck driven by defendant Peter DeSuno, an employee of defendants Jewel Food Stores, Inc., Albertson's Inc., and American Procurement and Logistics Company. Plaintiff filed her suit in Cook County, Illinois, and defendants moved to transfer the suit to Kendall County under the doctrine of forum non conveniens. The circuit court of Cook County granted the motion. We affirm for the reasons set forth below.

BACKGROUND

On April 23, 2004, Shannon Orr was driving westbound on Route 126 in Kendall County, Illinois, when her vehicle was struck from behind by a Jewel Food Store truck driven by

defendant Peter DeSuno. De Suno was an employee of defendants Jewel Food Stores, Inc., Albertson's Inc., and American Procurement and Logistics Company. At the time of the collision, Orr's vehicle was stopped behind a cement truck operated by Daniel Molding. The cement truck was stopped behind a school bus. The collision resulted in Orr's death on the same day.

The decedent was a resident of Kendall County. Daniel Molding, the cement truck operator, is a resident of Kendall County, and defendant Peter DeSuno is a resident of adjacent Will County. Witnesses to the incident, identified by plaintiff, include Jeremiah Mettile of Ogle County, and Ruth and George Parise of Grundy County. Plaintiff also identified Mark Findlay of Will County and Jack Jurgl of Grundy County as persons present at the scene of the accident, either before or after it occurred. Kendall County is adjacent to both Will and Grundy Counties.

Emergency personnel from nearby Will County responded to the accident. Both plaintiff and defendants have named members of the responding local fire department and State Police as witnesses. In answers to interrogatories, plaintiff named five members of the Plainfield Fire Department in Will County. Plaintiff has disclosed the names of five members of the Illinois State Police as potential witnesses, while defendant has named two. The police report was prepared by State Police who worked in Will County. Of all the emergency personnel named, only one, Dr. Bryan Mitchell of DuPage County, would have to travel a shorter distance if a trial were held in Cook County.

Defendant Jewel Food Stores, Inc., maintains its corporate headquarters in Cook County. The truck driven by Peter DeSuno is presently at its facility, in Cook County. Prior to the

accident, the truck was serviced in Cook County, and its service records are in Cook County.

Plaintiff named a number of family members and friends as potential witnesses. Several live in Kendall County: Wayne Smith, the decedent's stepfather; Dylan Orr, the decedent's brother; and Kristin Gay-Warner, Dylan's girlfriend. With the exception of the decedent's biological father and grandmother who reside in Canada, all the named relatives live closer to the Kendall County courthouse.

Plaintiff Cindy Smith is the administrator of Orr's estate. Although she is a resident of Kendall County, she filed this action in Cook County, where attorneys for both plaintiff and defendants maintain offices. Smith alleged a wrongful death action in count I of the complaint, and an action under the Survival Act in count II.

The complaint alleges negligence against defendant Peter DeSuno in the operation of his motor vehicle. Witnesses who are familiar with DeSuno's personnel and driver safety files work in Cook County, and the files are located there. When asked in an interrogatory to identify the names and addresses of all potential witnesses who reside in Cook County, plaintiff stated that she had "not yet determined who from Cook County they [sic] will call as witnesses as the identity of those individuals are strictly within the confines of Defendants."

On July 15, 2005, defendants moved to transfer this matter to Kendall County on forum non conveniens grounds. The forum non conveniens issue was decided upon the pleadings, including the answers to written interrogatories; no evidence was taken. On September 27, 2005, the trial court granted defendants' motion. For the following reasons, we affirm.

ANALYSIS

3

"Forum non conveniens is an equitable doctrine founded in consideration of fundamental fairness and the sensible and effective administration of justice." Langenhorst v. Norfolk Southern Ry. Co., 219 Ill. 2d 430, 441 (2006); Gridley v. State Farm Mutual Automobile Insurance Co., 217 Ill. 2d 158, 169 (2005). This doctrine permits a trial court to transfer a case when "trial in another forum 'would better serve the ends of justice.' " Langenhorst, 219 Ill. 2d at 441, quoting Vinson v. Allstate, 144 Ill. 2d 306, 311 (1991); Gridley, 217 Ill. 2d at 169.

———

This court will reverse a circuit court's decision on a forum non conveniens motion only if "the circuit court abused its discretion in balancing the relevant factors." Langenhorst, 219 Ill. 2d at 442; Gridley, 217 Ill. 2d at 169; Dawdy v. Union Pacific R.R. Co., 207 Ill. 2d 167, 177 (2003). The Illinois Supreme Court has stated: "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." Langenhorst, 219 Ill. 2d at 442; Gridley 217 Ill. 2d at 169; Dawdy , 207 Ill. 2d at 177. We find, in the case at bar, that a reasonable person could certainly have taken the view adopted by the trial court.

In the case at bar, the trial court reasonably accorded less deference to plaintiff's choice of forum. Normally, the plaintiff's choice of forum is a "substantial" factor in deciding a forum non conveniens motion. Dawdy, 207 Ill. 2d at 172; Griffith v. Mitsubishi Aircraft International, Inc., 136 Ill. 2d 101, 106 (1990). However, the Illinois Supreme Court has stated that where the plaintiff chooses a forum that was neither the site of the accident nor the county in which she resides, her choice "is not entitled to the same weight" as the choice of the county of her

4

residence or the accident site. Dawdy, 207 Ill. 2d at 173-76; Gridley 217 Ill. 2d at 170. The selection of a foreign county "deserves less deference." Griffith, 136 Ill. 2d at 106, citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981); Langenhorst, 219 Ill. 2d at 448; Gridley 217 Ill. 2d at 170. Thus, in the case at bar, the trial court reasonably accorded less deference to plaintiff's choice of a forum that was foreign to both her residence and the accident site.

The Illinois Supreme Court has further held that a court must consider both "the private and public interest factors" in deciding a forum non conveniens motion. Langenhorst, 219 Ill. 2d at 443; Gridley 217 Ill. 2d at 170; Dawdy, 207 Ill. 2d at 172. The public interest factors are: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." Langenhorst, 219 Ill. 2d at 443-44, citing First American Bank v. Guerine, 198 Ill. 2d 511, 516-17 (2002); Gridley 217 Ill. 2d at 170; Dawdy, 207 Ill. 2d at 173.

All three public factors weigh in favor of transferring the case to Kendall County. First, Kendall County has a "significant interest" in deciding locally a controversy concerning an automobile accident that occurred within its borders. Reviewing a forum non conveniens case, the Illinois Supreme Court has held that when an automobile accident occurs within a county's borders, that county has "a significant interest in the dispute." Dawdy, 207 Ill. 2d at 183.

Plaintiff alleges that the citizens of Cook County also have a significant interest in this litigation because defendants do business with Cook County residents, and defendants'

employees also drive through Cook County. In Dawdy, the plaintiff tried to make a similar argument concerning the defendant in that case, the Union Pacific Railroad. Dawdy, 207 Ill. 2d at 182. The appellate court in Dawdy had agreed, noting that the county had a " 'legitimate interest in this case because defendant Union Pacific conducts business' " in it. Dawdy, 207 Ill. 2d at 182 (quoting the appellate court). However, the Illinois supreme court reversed, holding: "This reasoning is erroneous." Dawdy, 207 Ill. 2d at 182. The Supreme Court stated that "[m]erely conducting business" in a particular county "does not affect the forum non conveniens issue." Dawdy, 207 Ill. 2d at 182; Gridley 217 Ill. 2d at 170. Similarly, in the case at bar, the defendants' mere conduct of business in Cook County has no affect on the forum non conveniens motion.

The second public interest factor is the fairness to the citizens of the two forums. It is unfair to impose the trial expense and burden of jury duty on the residents of Cook County, who have little connection to an accident that occurred in Kendall County. In Dawdy, the Illinois Supreme Court addressed "the public factor of jury duty" and stated that the residents of one county "should not be burdened with jury duty" where the accident at issue occurred in another county. Dawdy, 207 Ill. 2d at 183.

The third public factor is the court's docket. The transfer alleviates the difficulties presented by adding litigation to the already congested court docket of Cook County. This court has previously remarked, in the context of a forum non conveniens motion, that "the congestion of the Cook County courts" is "a great concern." Kahn v. Enterprise Rent-A-Car Co., 355 Ill. App. 3d 13, 27 (2004). The Illinois Supreme Court has stated that "this court has repeatedly

6

recognized that it is appropriate to consider the congested conditions of the docket in plaintiff's chosen forum." Dawdy, 207 Ill. 2d at 181. Thus, all three public factors support the trial court's decision.

In deciding a forum non conveniens motion, a court must also consider the private interest factors, which include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " Langenhorst, 219 Ill. 2d at 443, quoting Guerine, 198 Ill. 2d at 516; Gridley 217 Ill. 2d at 170; Dawdy, 207 Ill. 2d at 172.

The convenience of the parties weighs in favor of transfer to Kendall County. The sole plaintiff lives in Kendall County, and the defendant truck driver lives nearby in Will County. Although the headquarters of the corporate defendants is in Melrose Park in Cook County, the corporate defendants maintain a presence throughout Illinois.

The ease of access to testimonial evidence also weighs in favor of transfer. First, the only other driver involved in the accident, besides the decedent and the defendant truck driver, is a resident of Kendall County. Daniel Molding, the operator of the cement truck that was stopped in front of the decedent's car, resides in Kendall County.

Second, emergency personnel such as fire officers and police responded from adjacent Will County. Third, individuals identified by plaintiff as either witnessing the incident or being on the scene shortly before or after the accident are from Will, Grundy and Ogle Counties and are closer to the Kendall County courthouse than the Cook County courthouse.

Fourth, family members of the decedent, identified by the plaintiff as witnesses, live in

7

Kendall County or live closer to the Kendall County courthouse than the Cook County courthouse, with the exception of two relatives who live in Canada. Fifth, witnesses familiar with DeSuno's personnel and driver safety records work in Cook County. The appearance of witnesses in these last two categories, decedent's family members and defendants' employees, is presumably within the control of the parties.

Four of the five categories of witnesses weigh in favor of transfer. As for the fifth category, it is not clear that the parties will actually call these service and personnel employees to testify. It is not clear that these employees, who probably deal with many trucks and truck drivers every day, will be able to recall anything more than what is contained in the company's records, which may or may not be admissible evidence in this case. Thus, the ease of access to testimonial evidence also weighs in favor of transfer.

The documentary evidence consists primarily of the truck's maintenance records and the driver's personnel records. While these records are stored at the Melrose Park facility in Cook County, no one has alleged that these documents are so voluminous as to preclude easy transportation. Thus, this factor does not weigh against transfer.

Plaintiff alleges that the real evidence includes the truck, which is stored in Melrose Park. However, plaintiff has not specified why jurors would need to view the truck, or even what remains of it.

Far more helpful to a jury resolution than viewing a wrecked truck would be viewing the accident site itself, which of course is located in Kendall County. In Dawdy, the Illinois Supreme Court held that "[a]nother private interest factor is the possibility of viewing the premises, if

8

appropriate." Dawdy, 207 Ill. 2d at 178. The supreme court criticized the appellate court for giving this factor "no weight." Dawdy, 207 Ill. 2d at 178. In Dawdy, this court had concluded that " 'there is nothing in the record to indicate that a view of the accident site will be necessary.' " Dawdy, 207 Ill. 2d at 178 (quoting the appellate court below). The supreme court stated that "[t]his reasoning misses the mark." Dawdy, 207 Ill. 2d at 178. This factor "is not concerned with the necessity of viewing the site *** but rather is concerned with the possibility of viewing the site, if appropriate." (Emphasis in original.) Dawdy, 207 Ill. 2d at 178.

The trial court may later decide that viewing the accident site is appropriate. At the site, the jurors could view the signs and the sight lines as defendant DeSuno saw them. This decision is left within the sound discretion of the trial court. Dawdy, 207 Ill. 2d at 179. The supreme court has stated that "it would be irrational" to force jurors from one county to travel even to an adjacent county in order to view an accident site. Dawdy, 207 Ill. 2d at 179. Similarly, in the case at bar, it would be irrational to force jurors to travel from Cook County to an accident site in Kendall County.

Lastly, the court must consider all the other " 'practical problems that make trial of a case easy, expeditious, and inexpensive.' " Langenhorst, 219 Ill. 2d at 443, quoting Guerine, 198 Ill. 2d at 516. Both plaintiff's and defendants' attorneys maintain offices in Cook County. The Illinois Supreme Court has stated "[w]hile a court may consider this factor, 'little weight should be accorded it.' " Dawdy, 207 Ill. 2d at 179, quoting Boner v. Peabody Coal Co., 142 Ill. 2d 523, 534 (1991).

Like the public interest factors, the private interest factors also weigh strongly in favor of

transfer. The ease of access to both testimonial evidence and to the accident site weigh strongly in favor of transfer. The convenience of the parties also weighs in favor of transfer. The access to defendants' company files and the location of attorney offices are the only private interest factors that weigh against transfer, and for reasons already discussed above, neither of these reasons deserves much weight. Thus, the private interest factors also weigh strongly in favor of transfer.

In deciding a <u>forum non conveniens</u> motion, the trial court "must balance the private and public interest []" factors. <u>Dawdy</u>, 207 Ill. 2d at 172; <u>Gridley</u> 217 Ill. 2d at 169-70. The balancing should be done "without emphasizing any one factor." <u>Langenhorst</u>, 219 Ill. 2d at 443; <u>Gridley</u> 217 Ill. 2d at 169; <u>Dawdy</u>, 207 Ill. 2d at 180. "On review, the trial court's decision will be reversed only if *** the court abused its discretion in balancing the relevant factors." <u>Dawdy</u>, 207 Ill. 2d at 176-77; <u>Griffith</u>, 136 Ill. 2d at 106.

In the case at bar, the trial court did not abuse its discretion in balancing the relevant factors. First, the plaintiff's choice of forum merited less deference when she chose a forum foreign to both her residence and the accident site. Second, the public interest factors all weighed strongly in favor of transfer. Third, most of the private interest factors also weighed strongly in favor of transfer.

The case at bar is distinguishable from <u>Langenhorst</u>, where the supreme court affirmed the denial of a motion to transfer the case to the forum of the accident site. <u>Langenhorst</u>, 219 Ill. 2d at 433. In <u>Langenhorst</u>, the plaintiff brought a wrongful death action in St. Clair County for claims arising out of a train and automobile accident that occurred in Clinton County.

10

Langenhorst, 219 Ill. 2d at 433. Similar to the facts at bar, St. Clair County was neither the forum of plaintiff's residence nor the accident site. Langenhorst, 219 Ill. 2d at 448. The defendant in Langenhorst moved on forum non conveniens grounds to transfer the case to Clinton County, where the accident occurred. Langenhorst, 219 Ill. 2d at 433. The trial court denied the motion, and both the appellate court and the supreme court affirmed. Langenhorst, 219 Ill. 2d at 433.

The case at bar is distinguishable from Langenhorst for several reasons. First, the supreme court noted that viewing the accident site would not be appropriate in the case before it, because the railroad crossing, where the accident had occurred, was "substantially changed." Langenhorst, 219 Ill. 2d at 449. By contrast, there are no allegations in the case at bar that the accident site has been altered. Second, in Langenhorst, the trial court specifically found that "court congestion" in its county was "not a concern." Langenhorst, 219 Ill. 2d at 452. The supreme court noted that "[w]hen deciding forum non conveniens issues, the trial court is in the better position to assess the burdens on its own docket." Langenhorst, 219 Ill. 2d at 451. By contrast, in the case at bar, the trial court in Cook County did not make a finding that court congestion was "not a concern." Third, in Langenhorst, the "only eyewitnesses to the accident" lived in another state. Langenhorst, 219 Ill. 2d at 449. By contrast, in the case at bar, the only driver involved in the collision, other than the decedent and defendant DeSuno, lived in Kendall County. Fourth, in Langenhorst, the trial court denied the motion. Thus, the supreme court was faced with the question of whether "no reasonable person" could take the view that the trial court should not occur in the accident-site county. In the case at bar, the question is different: could no

11

reasonable person take the view that trial <u>should</u> occur in the accident-site county?

In addition, the supreme court in <u>Langenhorst</u> stated that "the defendant must show that the plaintiff's chosen forum is inconvenient to the defendant." <u>Langenhorst</u>, 219 Ill. 2d at 450. The court stated that it could "discern no inconvenience for the defendants" where the transferor and the transferee counties were adjacent and the "travel distances for likely witnesses are minimally different." <u>Langenhorst</u>, 219 Ill. 2d at 450. By contrast, in the case at bar, the transferor and the transferee counties are not adjacent, and the travel distances are more than minimally different. For these reasons, the supreme court's decision in <u>Langenhorst</u> is distinguishable from the case at bar.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court, granting a motion to transfer this case from Cook County to Kendall County on grounds of <u>forum non conveniens</u>. This court finds that the trial court did not abuse its discretion, where plaintiff's choice of form merited less deference, the public interest factors all weighed strongly in favor of transfer, and most of the private interest factors also weighed in favor of transfer. This court cannot find that "no reasonable person would take the view adopted by the [circuit] court." <u>Langenhorst</u>, 219 Ill. 2d at 453.

Affirmed.

McBRIDE, P.J. and CAHILL, J., concur.