RENEE L. GLASS, Indiv. and as Special Representative and Special Adm'r of the Estate of Robert L. Wiand, Deceased, Plaintiff-Appellee, v. DOT TRANSPORTATION, INC., *et al.*, Defendants-Appellants.

First District (5th Division) No. 1—08—2279

Opinion filed July 17, 2009.

Karen L. Kendall, Brad A. Elward, Rex K. Linder, and John P. Heil, Jr., all of Heyl, Royster, Voelker & Allen, of Peoria, and Donald Tracy, of Brown, Hay & Stephens, LLP, of Springfield, for appellants.

Michael W. Rathsack, of Chicago (Benjamin A. Crane, Gregory F. Coplan, and Michael W. Rathsack, of counsel), for appellee.

JUSTICE TOOMIN delivered the opinion of the court:

In this wrongful death action, we consider the deference to be afforded an administrator's choice of forum that differs from the situs of the decedent's probate administration, where the administrator resides in her chosen forum and is also a beneficiary in the pending litigation. No other reported Illinois case has addressed this precise issue. Plaintiff, individually and as estate representative, brought this action for personal injuries, survival and wrongful death that her father sustained as a result of a vehicular accident that occurred in Mason

County, Illinois. Defendants moved to transfer the cause to Mason County pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187), based on the doctrine of *forum non conveniens*. Following denial of the motion, defendants appeal.

We granted defendants' petition for leave to file an interlocutory appeal pursuant to Supreme Court Rule 306(a)(2) (210 Ill. 2d R. 306(a)(2)). Defendants assert that the circuit court abused its discretion in ruling that the totality of the circumstances did not strongly favor transfer of the cause to Mason County. For the following reasons, we now affirm the judgment of the circuit court.

## BACKGROUND

Decedent's injuries occurred on October 15, 2007, when the vehicle he was driving collided with a tractor-trailer operated by defendant Randy W. Crawford. During the course of his employment with defendant DOT Transportation, Inc., Crawford was driving westbound on U.S. 136 near Havana in Mason County. He crossed the center line into eastbound traffic after the truck ahead of him driven by Donald Artos began to make a right-hand turn into a roadside rest area. Crawford's vehicle collided with decedent's eastbound truck resulting in decedent's death. The deceased was removed from the scene of the accident and taken to a funeral home in Havana.

Rescue personnel dispatched from Mason County responded to the accident as did Trooper Edwin Carlock of the Illinois State Police, District 9, in Springfield (Sanagmon County). Trooper Carlock's investigation report recorded three witnesses to the accident: Brad and Tina Batterson of Astoria, Illinois (Fulton County); and Donald Artos, of Minonk, Illinois (Woodford County).

At the time of his death, decedent was a resident of Champaign County, which was also the situs of his employer Brisk Transportation's principal place of business. A probate proceeding was opened in Champaign County and plaintiff, Renee L. Glass, was appointed special representative and special administrator of her father's estate. In turn, Ms. Glass filed the instant proceeding in Cook County where she resided. Defendant Randy Crawford is a resident of Adams County, and his employer, DOT Transportation, Inc., as well as DOT Foods, Inc., maintain their principal place of business in Brown County.

In the proceedings below, the court identified potential witnesses who reside in Cook County, including plaintiff, her sister Rachel Wiand, John Glass, Sr., John Glass, Jr., and Sandy Glass. The court was on notice that these witnesses purportedly would offer testimony as to elements of damage, as would decedent's son, Scott Wiand, a resident of Alexandria, Virginia.

Defendants argued that transfer of the cause under the doctrine of *forum non coveniens* was warranted by the relevant factors employed by the courts. Defendants maintained that (1) the accident giving rise to plaintiff's claims occurred in Mason County; (2) the convenience of the witnesses was best served in Mason County, where many of the witnesses reside; (3) Mason County had a stronger interest in deciding this matter as the alleged negligence occurred there; and (4) the Mason County court docket was less congested than the Cook County docket.

In response, plaintiff contended that because defendants had failed to satisfy their burden to support transferring the cause, the case should remain in Cook County. In support of her position, plaintiff noted that: (1) she resided in Cook County, (2) defendant DOT did business in Cook County; (3) witnesses who would be called to testify at trial resided in Cook County; (4) the convenience of the parties did not favor Mason County as witnesses and evidence were scattered throughout many counties; and (5) Cook County had an interest in litigation which involved its residents.

In the case *sub judice*, the court first observed that on a *forum non conveniens* motion, a defendant has the burden of showing that the private and public interest factors strongly favor transferring the action to the defendant's choice of forum. Defendant must show that plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties. The court also noted that in most instances a plaintiff's initial choice of forum will prevail, provided that venue is proper and the inconvenience factors do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum. However, the court also recognized that the choice of forum is accorded less deference when a plaintiff is not a resident of the chosen forum and the action giving rise to litigation did not occur in that forum.

The circuit court then considered the private and public interest factors that are employed in determining whether transfer is warranted. As to the private factors, the court reasoned that: (1) it had not been shown that it would be any more convenient to litigate this case in Mason County than in Cook County; (2) plaintiff's choice to file her complaint in her home forum is given substantial deference; (3) although the accident occurred in Mason County, both parties have identified witnesses who reside across 11 counties; and (4) there is no basis to conclude that the litigants and anticipated witnesses would be personally inconvenienced if the case were to remain in Cook County.

In evaluating the public interest factors, the court found that: (1) Cook County had an interest in deciding a controversy involving plaintiff, its resident; (2) given that circumstance, it would not be

unfair to impose the expense of the trial and the burden of jury duty on the residents of Cook County where four witnesses from Cook County are expected to offer testimony at trial; and (3) although the Mason County docket may be less congested than the Cook County docket, this is a relatively insignificant factor. The court thus concluded that transferring this case to Mason County was not strongly favored as there were sufficient factors supporting plaintiff's choice of Cook County as the forum for this case. The instant appeal followed.

## ANALYSIS

*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441, 848 N.E.2d 927, 934 (2006). The doctrine of *forum non conveniens* presupposes the existence of at least two forums in which the defendant is amenable to jurisdiction. *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 371, 444 N.E.2d 157, 159 (1982). The doctrine allows a trial court to decline jurisdiction of a case when it is apparent that trial in another forum with proper jurisdiction and venue "would be more convenient and would better serve the ends of justice." *Vinson v. Allstate*, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859 (1991). *Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums, such as the case *sub judice. Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 448, 887 N.E.2d 726, 731 (2008).

The determination of a *forum non conveniens* motion lies within the sound discretion of the trial court. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77, 797 N.E.2d 687, 696 (2003). Therefore, on review, the trial court's decision will be reversed only if it can be shown that the court abused its discretion in balancing the relevant factors. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24, 506 N.E.2d 1291, 1293-94 (1987). It is well settled that an abuse of discretion will be found where no reasonable person would take the view adopted by the trial court. *Dawdy*, 207 Ill. 2d at 177, 797 N.E.2d at 696.

In deciding a *forum non conveniens* motion, a court must consider all of the relevant criteria, without emphasizing any one factor. *Langenhorst*, 219 Ill. 2d at 443, 848 N.E.2d at 935. Each case must be considered as unique on its facts. *Satkowiak v. Chesapeake & Ohio Ry. Co.*, 106 Ill. 2d 224, 228, 478 N.E.2d 370, 372 (1985). It is incumbent upon the court to balance the private and public interests in determining the appropriate forum in which the case should be tried. *Dawdy*,

207 Ill. 2d at 172, 797 N.E.2d at 693. In Illinois, the private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive. *Dawdy*, 207 Ill. 2d at 172, 797 N.E.2d at 693. The relevant public interest factors include: the administrative difficulties caused when litigation is handled in a congested venue instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection to the litigation; and the interest in having local controversies decided locally. *Dawdy*, 207 Ill. 2d at 173, 797 N.E.2d at 693.

Our precedent instructs that the burden is on the defendant to show that the relevant private and public interest factors strongly support the defendant's choice of forum to warrant disturbing plaintiff's choice. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. "The private interest factors are not weighed against the public interest factors; rather, the trial court must evaluate the total circumstances of the case in determining whether the defendant has proven that the balance of factors strongly favors transfer." *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935. The defendant must show that plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties. *First American Bank v. Guerine*, 198 Ill. 2d 511, 518, 764 N.E.2d 54, 59 (2002). However, the defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff. *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59. Unless the balance of factors strongly favor a defendant's choice of forum, the plaintiff's forum choice should rarely be disturbed. *Langenhorst*, 219 Ill. 2d at 444, 848 N.E.2d at 935.

An additional consideration under our *forum non conveniens* jurisprudence affords deference to the plaintiff's choice of forum. "The plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and the plaintiff's forum choice should rarely be disturbed unless the other factors strongly favor transfer." *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 58 (citing *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990), and citing *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 372-73, 444 N.E.2d 157, 160 (1982), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947)).

Nonetheless, we recognize that the plaintiff's choice of forum is not entitled to the same weight or consideration in all cases. *Dawdy*,

207 Ill. 2d at 173, 797 N.E.2d at 694. Thus, we are mindful that the plaintiff's interest in choosing the forum receives somewhat less deference when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum. *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 59. While the deference to be accorded a plaintiff as to his choice of forum is less when the plaintiff chooses a forum other than where he resides, " 'the deference to be accorded is only *less*, as opposed to *none*.' " (Emphasis in original.) *Guerine*, 198 Ill. 2d at 518, 764 N.E.2d at 59, quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318, 683 N.E.2d 929, 935 (1997).

In the instant appeal, defendants boldly claim that the trial court's denial of their motion to transfer constitutes an abuse of discretion because this litigation has no connection to Cook County. Defendants maintain that the court gave undue deference to plaintiff's forum choice where plaintiff was not suing as an individual but, rather, was acting in a representative or administrative capacity. Defendants reason that because the home forum should be the situs of the probate proceeding, plaintiff's choice of Cook County is entitled to minimal deference.

In support of their contention, defendants place significant reliance on *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 457 N.E.2d 417 (1983), an interpretation of interstate rather than intrastate *forum non conveniens*. In *Moore*, the plaintiff brought an action in the circuit court of Cook County after his daughter's automobile collided with a train owned by defendant at a railroad crossing in Wisconsin. Plaintiff, a resident of Cook County, was appointed as special administrator of the decedent's estate by a Wisconsin court. *Moore*, 99 Ill. 2d at 78, 457 N.E.2d at 419. It was uncontroverted in the record that Wisconsin was the place of decedent's residence at the time of her death, the residence of her surviving children, the residence of the paramedics and physicians who treated her, as well as the residence of all of the potential witnesses known by the parties. Additionally, given that the situs of the accident was Wisconsin, the parties agreed that Wisconsin law governed the litigation. *Moore*, 99 Ill. 2d at 78-79, 457 N.E.2d at 419-20. Although the plaintiff maintained that his forum choice of Illinois should be given paramount consideration, our supreme court rejected that argument concluding that denial of defendant's motion to dismiss was an abuse of discretion. The court stated:

> "In light of the representative capacity in which plaintiff here acts, his residency has no relationship to the litigation except as a nominal party. Thus, *under the facts of this case*, plaintiff's choice of Cook County, Illinois, is of minimal significance." (Emphasis added.) *Moore*, 99 Ill. 2d at 79, 457 N.E.2d at 420.

We find defendant's reliance on *Moore* to be misplaced. First, in the case *sub judice*, Renee Glass is not basing her argument on the residence of a nonbeneficiary plaintiff as did the plaintiff in *Moore*. As the *Moore* court noted, the only beneficiaries resided in Wisconsin; here however, all of the Illinois beneficiaries reside in Cook County. Second, as distinguished from Moore, the family members residing in plaintiff's choice of forum are indeed potential witnesses. Third, here, because the plaintiff is not suing on behalf of an out-of-state-resident, the significance placed on the place of probate administration in *Moore* is clearly absent. A further distinction obtains in the case at bar in that Cook County would not be required to apply the law of another forum.

Defendants further maintain that their position finds support in *Smith v. Jewel Food Stores, Inc.*, 374 Ill. App. 3d 31, 870 N.E.2d 970 (2007). In *Smith*, the decedent was killed when her vehicle was rear-ended by a Jewel Food Store truck in Kendall County, where she resided. The truck driver was likewise a resident of Kendall County, but his employer maintained its corporate headquarters in Cook County. In *Smith*, as in the instant case, the potential witnesses were scattered throughout the state. *Smith*, 374 Ill. App. 3d at 32-33, 870 N.E.2d at 972-73. Plaintiff, as administrator of the decedent's estate also resided in Kendall County, but chose to file the wrongful death and survivor action in Cook County, where both parties' attorneys maintained their offices. *Smith*, 374 Ill. App. 3d at 32-33, 870 N.E.2d at 972-73. Although defendant's motion to transfer the cause to Kendall County was granted, we acknowledged that the trial court reasonably accorded less deference to plaintiff's choice of forum that was *foreign to both her residence and the accident site*. *Smith*, 374 Ill. App. 3d at 34, 870 N.E.2d at 974. Contrary to defendants' analysis herein, in speaking to the plaintiff's residence in *Smith* we equated her residence to where she actually resided. *Smith*, 374 Ill. App. 3d at 35, 870 N.E.2d at 975 ("The sole plaintiff lives in Kendall County, and the defendant truck driver lives nearby in Will County"). Accordingly, we do not discern that *Smith* holds for the proposition that the plaintiff's residence must necessarily be determined by the situs of the probate administration.

Moreover, we are not persuaded by the argument that in the proceedings below the trial court over-emphasized the plaintiff's selection of Cook County as her home forum. An unbroken line of precedent holds that a plaintiff has a "substantial interest in choosing the forum where his rights will be vindicated." *Guerine*, 198 Ill. 2d at 517, 764 N.E.2d at 58; *Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211; *Jones* 93 Ill. 2d at 372-73, 444 N.E.2d at 160. The common thread running

through these decisions recognizes that "since it is for the plaintiff to choose the place of suit, his choice of forum should not be disturbed except for weighty reasons." Restatement (Second) Conflict of Laws §84, Comment *c*, at 251 (1971).

We now consider the question of the relevant factors bearing upon *forum non conveniens* and their respective weight. As to the private interest factors, with respect to the convenience of the parties, the trial court concluded that it had not been shown that it would be any more convenient to litigate the case in Mason County than it would be in Cook County. Indeed, the court observed that witnesses would be called to testify who resided in Cook County. The chosen forum obviously is most convenient for those individuals. Although the circuit court recognized that the potential witnesses resided across 11 different counties, it nonetheless was well aware that most lived closer to Mason County than to Cook County. Notably, here as in *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 890, 884 N.E.2d 1221, 1233 (2008), defendants failed to provide affidavits from any of the identified witnesses stating that Cook County is an inconvenient forum. See also *Langenhorst*, 219 Ill. 2d at 450, 848 N.E.2d at 938-39. Accordingly, the court reasonably concluded that defendants had made an insufficient showing that any personal inconvenience would be shouldered by any witness if the case remained in Cook County. See *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 72-73, 704 N.E.2d 830, 838 (1998) (courts are not required to speculate about current whereabouts or possible unwillingness of witnesses to testify).

As regards the ease of access to the sources of evidence, we are mindful that none of the potential eyewitnesses reside in Mason County. Brad and Tina Batterson live in Fulton County and Donald Artos lives in Woodford County. Although defendants posit that both of those counties are closer to Mason County than to Cook County, an averment that is undisputed, we nonetheless have not been favored with any decision holding that general physical proximity is a significant factor bearing upon transfer. Trooper Carlock, the investigating officer, is not a Mason County resident; as noted, he works out of Springfield (Sangamon County). Also if evidence relative to the decedent's earnings or work habits is necessary, his employer, Brisk Transportation, maintains its offices in Champaign, not Mason, County. We further note that one practical aspect of the proceedings, compulsory process, is available in both forums and is therefore not a significant factor. In any event, there should be little difficulty encountered in securing documentary evidence, given that current technology allows documents to be copied and transported easily and

inexpensively. See *Ammerman*, 379 Ill. App. 3d at 890, 884 N.E.2d at 1233. Conversely, if a jury view of the accident site were to become relevant, obviously Mason County would be the forum of choice. However, that factor, standing alone is simply insufficient to justify transfer. *Hackl*, 382 Ill. App. 3d at 452, 887 N.E.2d at 734.

Having reviewed the relevant private interest factors, we conclude that defendants have failed to demonstrate that any of these factors weigh strongly in favor of transferring this case to Mason County. In short, here as in *Langenhorst*, defendants have not shown any impediment to accessing sources of testimonial, documentary, and real evidence. *Langenhorst*, 219 Ill. 2d at 450, 848 N.E.2d at 939.

In considering the public interest factors, we recognize that both Cook and Mason Counties have an interest in the underlying litigation. The residents of Mason County have an interest in the case as the forum is the situs of the accident giving rise to the case. Cook County likewise has an interest given that plaintiff and other beneficiaries reside in the forum. See *Langenhorst*, 219 Ill. 2d at 450-51, 848 N.E.2d at 939 (plaintiff's chosen forum has an interest in deciding a controversy involving its residents). Because of this interest it would not be unfair to impose the expenses of trial and the burden of jury duty on residents of Cook County.

Regarding the administrative aspects of litigation it cannot be seriously argued that the docket in Mason County is as congested as the Cook County docket. Yet, the fact that Cook County does have a busier docket when considered with other relevant factors does not necessarily require that this case be transferred. See *Guerine*, 198 Ill. 2d at 525, 764 N.E.2d at 63 (although Cook County circuit court is more congested than either Kane or De Kalb County circuit courts, court congestion alone is not dispositive). Moreover, when deciding *forum non conveniens* issues, the trial court is in a better position to assess the burden of its own docket. *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 538-39, 568 N.E.2d 883, 891 (1991).

Given the totality of the circumstances in this case, we hold that the circuit court did not abuse its discretion in denying defendants' motion to transfer. We are unable to discern that no reasonable person would adopt the position taken by the court. Defendants have failed to meet their burden of demonstrating that the balance of private and public interest factors strongly favored removal of this case from plaintiff's chosen forum. Accordingly, we find that the denial of defendants' motion to transfer comports with the abiding principles we have discussed.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

FITZGERALD SMITH, P.J., and TULLY, J., concur.