2021 IL App (1st) 201083-U

No. 1-20-1083

Order filed September 9, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PATRICIA MARINARO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 8959 |
| | ) | |
| LUCAS PETTIT, and GENUINE PARTS COMPANY, | ) | |
| a Georgia Corporation, | ) | Honorable |
| | ) | Allen Price Walker, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Gordon and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion by denying defendants' *forum non conveniens* motion to transfer venue from Cook County to Kane County even though plaintiff resided in and was injured in Kane County because defendants did not meet their burden to show that the relevant private and public interest factors strongly favored Kane County.

¶ 2    In this negligence action that arose from an automobile accident, defendants moved to transfer the suit, which was filed in Cook County, to Kane County under the doctrine

of *forum non conveniens*. The circuit court denied defendants' motion, and this court granted their petition for interlocutory appeal. On appeal, defendants argue that the total circumstances of this case strongly favored a transfer to Kane County.

¶ 3    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4                                I. BACKGROUND

¶ 5    In March 2019, plaintiff Patricia Marinaro's stopped sedan was rear-ended by a pickup truck that was owned by defendant Genuine Parts Company (GPC) and driven by GPC's employee, defendant Lucas Pettit, who was acting within the scope of his employment. The collision occurred near the intersection of Randall Road and Alft Lane in the City of Elgin, Illinois. Elgin straddles both Kane County and Cook County. This collision took place within the Kane County portion of Elgin. The collision caused plaintiff's sedan to move forward and hit another vehicle, a Honda CRV operated by Thomas Rowan.

¶ 6    Plaintiff resided in Algonquin, Kane County. Defendant Pettit resided in Elmwood Park, Cook County and worked at GPC's retail location in Harwood Heights, Cook County. Defendant GPC was a Georgia corporation doing business in Illinois. The record shows that GPC had at least 25 commercial locations in Cook County and thus was a resident of Cook County. See 735 ILCS 5/2-102(a) (West 2018) (in the case of a foreign corporation, residence is defined as any county where the corporation has an office or is doing business). Rowan was a resident of Elgin, Kane County.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 7 Shortly after the collision, the Elgin Police and Fire Departments responded to the scene. The police department that investigated the crash was located in the Kane County portion of Elgin but serviced both Kane County and Cook County. Elgin police officer David Rodriquez prepared the Illinois traffic crash report, which indicated that the crash was caused by Pettit following plaintiff too closely. Plaintiff received care at the scene from the employees of the Elgin Fire Department, which had locations in both Kane County and Cook County and was transported by ambulance to a hospital in Elgin, Kane County.

¶ 8 Pettit was charged with driving too closely and pleaded guilty to that charge in traffic court in Kane County in May 2019.

¶ 9 Plaintiff received follow-up care at a hospital in Hoffman Estates, Cook County, and surgical and inpatient care at a hospital in Elk Grove Village, Cook County. In all, she was admitted to one Kane County hospital and two Cook County hospitals for injuries and conditions related to the collision. Aside from these three hospitals and the emergency services of the Elgin fire department at the scene of the collision, three of plaintiff's eight other medical providers were located in Cook County, including the orthopedic physician who provided her with a cervical fusion. Two medical providers were located in Kane County, and three medical providers were located in either DuPage County, DeKalb County or Monroe County.

¶ 10 In August 2019, plaintiff filed her negligence claim in Cook County and alleged that Pettit negligently operated the GPC pickup truck and the resulting crash proximately caused plaintiff's injuries and resulting damages. She also alleged that GPC was liable under the theory of *respondeat superior* as Pettit's principal and independently based upon allegations that GPC was negligent in its supervision and training of Pettit.

¶ 11    In November 2019, plaintiff's counsel, located in Chicago, Cook County, sent an email to defendants' counsel, also located in Chicago, regarding the scheduling of depositions. Plaintiff's counsel suggested scheduling plaintiff's deposition either at her home or defense counsel's Wheaton office in DuPage County because plaintiff was elderly, apprehensive about traveling into downtown especially in winter with her recent cervical surgery, and fearful of falling on ice and reinjuring her neck.

¶ 12    In December 2019, defendants filed their answers and affirmative defenses, which alleged that prior to the collision Pettit lost consciousness, which caused him to lose the ability to control his vehicle, and the collision and plaintiff's damages were caused by and solely from an Act of God.

¶ 13    In February 2020, defendants moved to transfer venue from Cook County to Kane County based on the doctrine of *forum non conveniens*. Plaintiff filed a response objecting to any transfer, and defendants filed a reply.

¶ 14    On September 10, 2020, the circuit court heard argument on the motion and entered a written order on September 11, 2020, denying defendants' motion to transfer venue. The court determined that defendants failed to meet their burden to show that the relevant private and public interest factors, when viewed in their totality strongly favored the suggested forum of Kane County. Specifically, regarding the private interest factors, the court found that (1) the convenience of the parties favored Cook County, where Pettit resided and worked and where GPC did business, (2) the relative ease of access to evidence was neutral based on modern technology, (3) all the apparent witnesses were subject to compulsory process, so this factor was neutral, (4) the cost of obtaining willing witnesses to testify at the trial slightly favored Kane because even though a

significant number of medical care witnesses were in Cook, most of the nonparty and medical witnesses seemed to work or reside in Kane, (5) the possibility of the jury viewing the scene of the collision slightly favored Kane, (6) the other practical problems that make the trial of the case easy and inexpensive slightly favored Cook, where the attorneys for all the parties were located, and (7) the advantages and obstacles to obtaining a fair trial were neutral.

¶ 15 Regarding the public interest factors, the court determined that (1) the administrative difficulties favored Cook because even though 10 times as many new cases were filed in Cook than in Kane, the data also showed that Cook resolved cases categorized as law jury verdicts over $50,000 in 30 months, which was faster than Kane's resolution of those cases in 35.2 months (2) the interest in deciding local controversies locally favored Kane, where plaintiff resided and her injury occurred, (3) the protection of finite judicial resources favored Cook, whose residents would not be significantly burdened by serving as jurors because they had an interest in this case since GPC was a resident of and did business in Cook, and (4) the need to apply the law of a foreign jurisdiction was inapplicable and thus neutral. Finally, plaintiff's preference for Cook County was entitled to diminished but still some deference because she was not a resident of Cook, and her injury did not occur in Cook.

¶ 16 Defendants petitioned for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), and this court granted defendants' petition.

¶ 17                                    II. ANALYSIS

¶ 18 Defendants argue that the circuit court abused its discretion when it denied their *forum non conveniens* motion to transfer venue to Kane County because the court failed to properly evaluate the private and public interest factors. Specifically, defendants argue that

plaintiff's choice of venue was entitled to little deference and the factors of party convenience, ease of access to testimony and evidence, the cost of attaining willing witnesses, the jury's ability to view the accident site, the local interest, expense of trial, and court congestion strongly favored transfer from Cook to Kane County.

¶ 19      According to defendants, Kane is the most appropriate forum for this trial because it has much more significant contacts with this case than does Cook since it was the location of the accident, plaintiff's residence and the place of her initial medical treatment, the county of the responding police and fire department personnel expected to testify, and a shorter distance to travel for all of the disclosed medical providers and independent witnesses. Defendants contend that the circuit court placed too much deference on plaintiff's choice of forum, ignored the convenience to the litigants in securing the attendance at trial of necessary witnesses, and improperly emphasized Pettit's presence in Cook County. Defendants argue that Pettit's residence in Cook and GPC's doing business in Cook were remote factors that had no material relevance to the facts of the automobile accident in Kane. Defendants also argue that this case does not qualify as a local controversy that Cook County residents would have an interest in deciding, it would be unfair to demand citizens of Cook to devote their valuable time to serve on a jury in this matter, and the issue of court congestion in Cook is obvious.

¶ 20      Furthermore, defendants claim that the circuit court abused its discretion when it determined that the weight of certain private interest factors was diminished due to the effects of the COVID-19 pandemic. According to defendants, the court invoked the pandemic and belabored its perceived impact on the practice of law in Illinois to ignore the acknowledged bedrock factors of the *forum non conveniens* test and support denial of defendants' motion to transfer.

¶ 21 In determining a *forum non conveniens* motion, the sound discretion of the trial court is given great weight and is not to be reversed on appeal unless no reasonable person would take the view adopted by the trial court. *Dawdy v. Union Pacific Railroad Co.*, 207 Ill. 2d 167, 176-77 (2003). *Forum non conveniens* is an equitable doctrine "founded in considerations of fundamental fairness and sensible and effective judicial administration." *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973). The doctrine of *forum non conveniens* is designed to give the courts "discretionary power which should be exercised *only in exceptional circumstances* when it has been shown that the interests of justice require a trial in a more convenient forum." (Emphasis in original, and internal quotation marks omitted.) *First American Bank v. Guerine*, 198 Ill. 2d 511, 520 (2002) (citing *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335 (1994) and *Torres v. Walsh*, 98 Ill. 2d 338, 346 (1983)). "Essentially, it allows a trial court, which otherwise has proper jurisdiction over a cause, to decline jurisdiction and transfer it to another forum after a determination that the other forum would be better suited to hear it." *Schuster v. Richards*, 2018 IL App (1st) 171558, ¶ 20 (citing *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 12 and *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 37).

¶ 22 In order to disturb the plaintiff's choice of forum, the defendant bears the burden to show that the relevant private interest factors affecting the litigants and public interest factors affecting court administration "strongly favor" the defendant's suggested forum. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006); *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107 (1990). Each case is considered independently based on its respective facts, and a court must consider all relevant factors without emphasizing any one particular factor alone

and must not balance the factors against each other. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009); *see Langenhorst*, 219 Ill. 2d at 443-44.

¶ 23 The relevant private interest factors include "the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." *Dawdy*, 207 Ill. 2d at 172. The public interest factors include "the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection to the litigation; and the interest in having local controversies decided locally." *Id.* at 173.

¶ 24 In most instances, assuming venue is proper, the plaintiff's original choice of forum will prevail so long as "the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." (Internal quotation marks omitted.) *Guerine*, 198 Ill. 2d at 520. "Though the plaintiff's choice is not absolute, intrastate transfer is appropriate only when the litigation has 'no practical connection,' no nexus, with the plaintiff's chosen forum." *Id.* at 521 (quoting *Peile*, 163 Ill. 2d at 336). "A plaintiff's right to select the forum is substantial." *Dawdy*, 207 Ill. 2d at 173. When the plaintiff's choice of forum is that of the accident site or the home forum of the plaintiff, that choice is given deference because it is reasonable to assume the choice is convenient or has the factor of deciding a local matter locally. *Id.* However, the deference given to the plaintiff's chosen forum is afforded less weight when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen

forum. *Guerine*, 198 Ill. 2d at 517-18. In such instances, the plaintiff's choice of forum is given *less deference*, as opposed to *no deference*. *Id.* at 518.

¶ 25    After considering both the private and public interest factors, we find that the circuit court did not abuse its discretion by concluding that defendants failed to meet their burden to show that the total circumstances of this case strongly favored a transfer from Cook County to Kane County.

¶ 26    The circuit court properly determined that, although plaintiff resided in Kane County and the incident occurred there, her choice to file suit in Cook County was still entitled to some deference.

¶ 27    Concerning the private interest factors, defendants cannot assert that plaintiff's chosen forum is inconvenient to her (*Langenhorst*, 219 Ill. 2d at 448); defendants must show that her chosen forum is both inconvenient to defendants and another forum is more convenient to *all* parties. *Guerine*, 198 Ill. 2d at 518. Here, defendants did not provide affidavits from either Rowan, the independent eyewitness, or any of the Kane County medical treatment witnesses. Thus, defendants provided little or no evidence about the actual residential or work addresses of these witnesses and no specifics regarding the substance of their testimony. Consequently, no witnesses have averred that they would not be available to attend a trial in Cook County or shown any detail regarding why travel to Cook County would be inconvenient for them. Despite this deficiency in defendants' evidence, the circuit court considered their claims of inconvenience for witnesses and the cost of obtaining their willing attendance and found that public transit and commuter rail systems mitigated the cost or inconvenience of traveling to Cook County. Furthermore, plaintiff stated that although some of her medical providers' offices were in Kane County, some providers were also located in Cook, DuPage, DeKalb, and Monroe Counties. Accordingly, the convenience

to the parties and cost of obtaining the attendance of willing witnesses does not strongly favor transferring the action from Cook to Kane County.

¶ 28    Moreover, nothing in the record indicates that documentary evidence could not be produced in Cook County just as easily as in Kane County. *Fennell*, 2012 IL 113812, ¶ 36 ("the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of Internet, email, telefax, copying machines, and world-wide delivery services, since those items can now be easily copied and sent"). Furthermore, the deposition testimony of the witnesses is easily, expeditiously, and inexpensively available by videoconference and recording equipment. Accordingly, even though the particular factor concerning the possibility of the jury viewing the scene favored Kane (see *Dawdy*, 207 Ill. 2d at 178), the ease of access to sources of evidence does not strongly favor transfer to Kane County.

¶ 29    In addition, the practical considerations that make a trial easy, expeditious, and inexpensive do not favor transfer from Cook to Kane County. Both plaintiff's counsel and defendants' counsel are located in Chicago, Cook County, which could result in reduced costs and a similar ease of access for both parties if the suit remains in Cook County. We note that the drive from the area in Kane County where the collision occurred to Chicago in Cook County is not so far as to be inconvenient.

¶ 30    Concerning the public interest factors, we reject defendants' assertion of a lack of connection between this litigation and Cook County. Plaintiff's claim against defendants includes allegations of *respondeat superior* and that GPC failed to properly train and supervise its employee Pettit, who worked at a GPC facility in Cook County and was acting within the scope of his

employment at the time of the collision. Although GPC is a Georgia corporation, it does business in Illinois and had at least 25 commercial locations in Cook County. See *Langenhorst*, 219 Ill. 2d at 451 (finding that a county had a legitimate interest in deciding a local controversy involving one of its residents, a foreign corporation, and citing section 2-102(a) of the Code, 735 ILCS 5/2-102(a) (West 2000), for the proposition that in the case of a foreign corporation, residence is defined as any county where the corporation has an office or is doing business). Accordingly, we find no abuse of discretion in the circuit court's conclusion that Cook County jurors would not be unfairly burdened by hearing this matter because Cook residents have an interest in deciding this controversy even though Kane County also has an interest in deciding a controversy involving an accident that occurred in Kane and resulted in injuries to a Kane resident. Furthermore, the record supports the circuit court's conclusion that Cook County resolved cases categorized as law jury verdicts over $50,000 faster than Kane County.

¶ 31 Finally, the record refutes defendants' assertion that the circuit court defied precedent and promoted sweeping change to the *forum non conveniens* doctrine by abjectly speculating, based on six months of an unprecedented pandemic in modern times, that the practice of law permanently and completely switched from the intimacy of in-person questioning of parties and witnesses to the impersonal medium of remote videoconferencing. According to the record, during the September 10, 2020 hearing on defendants' *forum non conveniens* motion, defense counsel argued regarding the convenience to the parties' factor that the likelihood of plaintiff's treating physicians appearing in court to provide live testimony was not remote and it had been "the first choice [to] always conduct in-person" discovery depositions throughout the COVID-19 pandemic. The court then asked how the impact of COVID-19, which led the courts to accelerate the adoption of

technology (*i.e.*, videoconference and recording technology to conduct remote depositions and pretrial conferences and hearings), paralleled the effect of technology in making the transfer of documentary evidence much easier and convenient, and whether this innovative use of technology made the factors of witness locations and travel times and distances "less important than they used to be." The court emphasized that the factors of witness locations and travel times and distances were still entitled to consideration and weight, "[b]ut the question is whether or not the court should give it the same weight that it used to, or is it entitled to diminished weight?"

¶ 32    When the court discussed its rationale for denying defendants' *forum non conveniens* motion, the court stated that, regarding the costs of obtaining willing witnesses, the cost of commuting to Chicago would be lessened by taking commuter trains. The court continued:

"Moreover, the COVID-19 pandemic has had a dramatic impact on how litigation is conducted ***.

[M]any court hearings, depositions, and pretrial conferences are being done remotely. And if the pandemic continues much longer, the judiciary will likely find it necessary to conduct jury trials remotely.

COVID-19 has accelerated the adoption of Zoom, Skype, Microsoft Teams, and other web-based videoconferencing platforms by lawyers and the public in general. The technology employed during this crisis is not likely to disappear once it ends.

And the idea of a trial consisting of lawyers, witnesses, jurors, and judges all being in the same room may one day become an artifact of a bygone era. One day. But at this point it is not."

Contrary to defendants' assertions, the circuit court did not defy precedent, engage in abject speculation, or promote sweeping change to the *forum non conveniens* doctrine.

¶ 33    Here, the circuit court considered all the relevant factors and concluded that defendants failed to meet their burden to show that the relevant private and public interest factors strongly favored defendants' choice of Kane County to warrant disturbing plaintiff's choice of Cook County. Based on our review of the record, we do not conclude that no reasonable person would take the view adopted by the circuit court. We find no abuse of discretion by the circuit court in denying defendants' *forum non conveniens* motion to transfer venue from Cook County to Kane County.

¶ 34                                    III. CONCLUSION

¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 36    Affirmed.