# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Blake v. Colfax Corp.*, 2013 IL App (1st ) 122987

---

| | |
|---|---|
| Appellate Court Caption | MENDY BLAKE and CHARLES BLAKE, Plaintiffs-Appellees, v. COLFAX CORPORATION, a Corporation, and EDWARD WARREN, Defendants-Appellants. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2987 |
| Rule 23 Order filed | May 3, 2013 |
| Rule 23 Order withdrawn | June 17, 2013 |
| Opinion filed | June 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a vehicle collision, the trial court properly denied defendants' *forum non conveniens* motion to transfer the case to a neighboring county, since plaintiffs' choice of forum is entitled to deference, the corporate defendant's headquarters and the offices of the parties' attorneys were in the chosen forum, the ease of access to evidence did not favor a transfer, any necessity of viewing the accident site in another county was insufficient to justify a transfer, and jury trials were conducted in nearly the same amount of time in the forums at issue. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-8090; the Hon. John Kirby, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Hunt Law Group, LLC, of Chicago (Brian J. Hunt and Lindsay A. Watson, of counsel), for appellants. |
| --- | --- |
| | Corboy & Demetrio, of Chicago (Daniel S. Kirschner, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE LAMPKIN delivered the judgment of the court, with opinion.<br>Justices Hall and Reyes concurred in the judgment and opinion. |

## OPINION

¶ 1     In this negligence action that arose from a vehicle collision, defendants moved to transfer the suit, which was filed in Cook County, to either Will or Du Page County under the doctrine of *forum non conveniens*. The circuit court denied defendants' motion, and this court granted defendants' petition for interlocutory appeal. On appeal, defendants contend that the total circumstances of this case strongly favored a transfer to Will County. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2                          I. BACKGROUND

¶ 3     Plaintiff Mendy Blake was driving her vehicle on February 9, 2010, and was injured when a van owned by defendant Colfax Corporation and driven by its employee, defendant Edward Warren, crossed the center line and crashed into plaintiff's oncoming car. According to the traffic crash report, the collision occurred in Will County on Genoa Road around the intersection of Wheeler Road in Plainfield, Illinois. This location is near the border between Will and Kendall Counties. According to defendants' discovery responses, Warren was driving from his home in Kendall County to a job located in Du Page County when the collision occurred. Defendants claimed that Warren normally kept the van at his home.

¶ 4     Mrs. Blake and her husband, plaintiff Charles Blake, resided in Plainfield, Will County. Mr. Blake, however, submitted an affidavit stating that he worked at 222 Merchandise Mart Plaza in Chicago, and a transfer from Cook County to either Will or Du Page County would cause substantial inconvenience, impede his ability to perform work before and after each trial day, and greatly impede his ability to meet with his attorneys and prepare in the days leading up to trial.

¶ 5     The office and headquarters of Colfax Corporation, which was engaged in the business of lead abatement and asbestos removal, were located at 2441 North Leavitt Street, Chicago, Cook County. Although defendant Warren resided in Plainfield, Kendall County, he stated that the Leavitt Street, Cook County address was his work address.

¶ 6    The only nonparty eyewitness to the accident, Branden Adkins, resided in Plainfield, Kendall County. Adkins, however, submitted an affidavit stating that he was willing and able to testify in Cook County.

¶ 7    The Will County sheriff's department responded to the scene of the accident. Emergency medical services were provided by the Plainfield fire department, which was located in Will County. Emergency personnel transferred Mrs. Blake from the accident site to Provena St. Joseph Medical Center in Will County. She subsequently underwent surgery to repair her right femur fracture at that medical center, and the surgery was performed by a doctor whose office was located in Will County. Mrs. Blake's postoccurrence medical treatment was provided predominantly in Will and Du Page Counties. Defendants' van, which had caught on fire at the scene of the collision, was stored in Cook County and was subject to an order of protection by the circuit court of Cook County.

¶ 8    Plaintiffs filed suit in Cook County against defendants, alleging a negligence claim based on Warren's operation of the van and a loss of consortium claim on behalf of Mr. Blake. Defendants moved the court to transfer this matter from Cook County to either Will or Du Page County pursuant to the doctrine of *forum non conveniens*. Thereafter, plaintiffs amended their complaint to add allegations of negligence against defendants based on their failure to equip and maintain the van with safe and proper tires and adequate brakes.

¶ 9    After hearing argument on the motion, the trial court denied defendants' *forum non conveniens* motion. The trial court reviewed the private and public interest factors and found that defendants had failed to meet their burden to show that a transfer of the trial to either Will or Du Page County would be more convenient and better serve the ends of justice. Concerning the private interest factors, the trial court found that the convenience of the parties favored maintaining the action in Cook County because plaintiffs had chosen that forum, defendant Colfax Corporation's principal place of business was on the near northwest side of Chicago, and Mr. Blake worked at the Merchandise Mart and had submitted an affidavit stating that the Daley Center in Cook County was substantially more convenient for him. The court also found that practical considerations slightly favored Cook County because the Daley Center was in close proximity to the law offices of counsel for both sides. The court concluded that the remaining private interest factors were neutral.

¶ 10   Concerning the public interest factors, the court found that the interest in deciding local controversies locally favored Will County because the accident occurred there. Because plaintiffs resided in Will County, the trial expense and jury duty burden factors slightly favored Will County; nevertheless, Cook County also had an interest in this case because defendant Colfax Corporation was a Cook County resident and regularly used Cook County roads in conducting its business. Finally, court statistics indicated that it took slightly less time–about two or three months–for a case to go to trial in Cook County rather than in Will County.

¶ 11   Defendants timely filed a petition for leave to appeal the trial court's order under Illinois Supreme Court Rule 306 (eff. Feb. 16, 2011), and this court granted that petition.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, defendants argue that the circuit court's denial of their motion to transfer constitutes an abuse of discretion because the convenience to the parties favored Will County where the collision occurred and the plaintiffs resided. Defendants also argue that the witnesses to the occurrence resided in either Will or Kendall County, and the personnel of the fire department and sheriff's office who responded to the emergency and the medical professionals who treated Mrs. Blake worked in either Will or Du Page County. Defendants assert that the medical witnesses and busy professionals would have difficulty testifying in downtown Chicago because of the extra distance they would travel and the extra time and expense they would incur. Furthermore, defendants claim that a "viewing of the site may be required for the jurors in this case to understand the circumstances of the accident." In addition, defendants argue that Colfax Corporation had merely a "tenuous presence" in Cook County, Cook County jurors should not be burdened with this litigation, and more jury cases were pending in Cook County in 2010 than in Will County.

¶ 14        The determination of a *forum non conveniens* motion lies within the sound discretion of the trial court and is not subject to reversal on appeal unless no reasonable person would take the view adopted by the trial court. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003). We find no abuse of discretion by the trial court in denying defendants' motion.

¶ 15        The doctrine of *forum non conveniens* " 'was designed to give the courts "discretionary power which should be exercised *only in exceptional circumstances* when it has been shown that the interests of justice require a trial in a more convenient forum." ' " (Emphasis in original.) *First American Bank v. Guerine*, 198 Ill. 2d 511, 520 (2002) (quoting *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 335 (1994), quoting *Torres v. Walsh*, 98 Ill. 2d 338, 346 (1983)). See also *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991) (a trial court may decline jurisdiction of a case when it is apparent that trial in another forum with proper jurisdiction and venue "would be more convenient and would better serve the ends of justice"). On a *forum non conveniens* motion, the defendant has the burden to show that relevant private interest factors affecting the litigants and public interest factors affecting court administration "strongly favor" the defendant's choice of forum to warrant disturbing the plaintiff's choice. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006); *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107 (1990). Each case must be considered as unique on its facts, and a court must consider all relevant criteria without emphasizing any one factor. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009).

¶ 16        "Private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." *Dawdy*, 207 Ill. 2d at 172. Public interest factors include "the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection to the litigation; and the interest in having local controversies decided locally." *Id*. at 173.

-4-

¶ 17 "In most instances, the plaintiff's initial choice of forum will prevail provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." (Internal quotation marks omitted.) *Guerine*, 198 Ill. 2d at 520. "Though the plaintiff's choice is not absolute, intrastate transfer is appropriate only when the litigation has 'no practical connection,' no nexus, with the plaintiff's chosen forum." *Id.* at 521 (quoting *Peile*, 163 Ill. 2d at 336). "A plaintiff's right to select the forum is substantial." *Dawdy*, 207 Ill. 2d at 173. When the plaintiff's home forum or the site of the accident is chosen, deference to that choice is appropriate because it is reasonable to assume the choice is convenient or has the aspect of deciding a local matter locally. *Id.* However, the deference accorded to a plaintiff's choice of forum is entitled to less weight when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum. *Guerine*, 198 Ill. 2d at 517-18 (emphasizing that the deference to be accorded is only less, as opposed to none).

¶ 18 In weighing the private and public interest factors, we conclude that the total circumstances of this case do not strongly favor transfer away from Cook County to Will County. First, plaintiffs' choice to file suit in Cook County is still entitled to some deference even though they resided in Will County and the collision occurred there.

¶ 19 Concerning the private interest factors, we note that defendants cannot assert that plaintiffs' chosen forum is inconvenient to plaintiffs. See *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 518. Moreover, the record contains Mr. Blake's affidavit, which explains that a transfer from Cook to Will County would cause substantial inconvenience for plaintiffs because it would greatly impede Mr. Blake's ability to perform his work in downtown Chicago before and after any court hearings.

¶ 20 No defendant or eyewitness to the collision resided in Will County. In addition, defendant Colfax Corporation's headquarters and office are located at 2441 North Leavitt Street in Chicago, and nothing in the record indicates that it has an office at any other location. In his discovery response, defendant Warren also listed the Leavitt Street address as his work address. Defendants argue that Colfax's business location in Cook County is not a significant factor because it performs asbestos removal and lead abatement work throughout Illinois. Certainly the type of business Colfax conducts requires its employees to travel to a client's or customer's location. Nevertheless, plaintiffs have submitted evidence establishing that, from 2007 to 2012, defendants regularly performed work in Cook County, including work at the Daley Center in Cook County. Accordingly, the convenience to the parties favors maintaining the action in Cook County.

¶ 21 We also note that the ease of access to sources of evidence does not favor transfer to Will County. Although the only independent eyewitness to the collision, Adkins, resided in Kendall County, he submitted an affidavit stating that he was willing and able to travel to Cook County. The fire department and sheriff's office personnel who responded to the emergency and the medical professionals who treated Mrs. Blake worked in either Will or Du Page County. Defendants contend that these busy professionals would have difficulty testifying in downtown Chicago because of the extra distance they would travel and the extra time and expense they would incur. Defendants, however, have not identified specifically who these people are, where they live, or what, if any, relevant testimony they might provide.

Moreover, these potential witnesses would not likely need to stay for the entire trial but, rather, merely appear one day to give testimony. Given the facts here, it is reasonable to assume that their means of travel would be by car, which would not be inconvenient. We will not speculate about their current whereabouts or possible unwillingness to testify (see *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 72-73 (1998)), but we note that people regularly commute between homes and jobs in Cook and Will Counties. Furthermore, plaintiffs have indicated that Colfax's four corporate officers, who all worked in Chicago, are potential witnesses in this case and three of them resided in Cook County. The fourth corporate officer, who was also defendant Warren's immediate supervisor, resided in Lake County. In addition, Colfax's van, which was serviced in Cook County, is currently stored in Cook County and will be subjected to expert analysis and inspection pursuant to plaintiffs' allegation of improper maintenance.

¶ 22    Defendants contend that a "viewing of the site may be required for the jurors in this case to understand the circumstances of the accident." If a jury view of the accident cite was found to be appropriate, then Will County would be a preferable forum because it could be accomplished more expeditiously if the case was tried in Will County. See *Dawdy*, 207 Ill. 2d at 179. However, that factor, standing alone, is not sufficient to justify transfer. *Glass*, 393 Ill. App. 3d at 837. Moreover, defendants have offered no argument or evidence showing why a site visit would be appropriate in this case. They have not described any condition of the roadway, which is still present for a site inspection, that would have been a defendable cause of the collision.

¶ 23    According to the traffic crash report, the collision occurred on a winter evening, and Warren reported that he was driving northbound on the road when he crossed a patch of ice, lost control of the van, and crossed the center line of the road into the path of southbound traffic. Mrs. Blake was driving southbound on the same road, saw Warren lose control of his van and tried to avoid contact, but Warren's van struck her vehicle. A jury view of the road would not likely enhance a jury's understanding of the weather conditions on February 9, 2010, the appearance of the scene at approximately 10 p.m., or the condition of the van's brakes or tires. This case does not involve either an issue concerning which driver had the right of way or a collision that resulted after a vehicle failed to yield to another vehicle at an intersection. Unlike the facts in *Dawdy*, 207 Ill. 2d at 169, or *Smith v. Jewel Food Stores, Inc.*, 374 Ill. App. 3d 31, 32, 36 (2007), a juror's ability to view road crossings, signs, and sight lines from the perspective of the parties does not seem to be a significant issue in this case. Moreover, the relevant weather, lighting and road conditions in the instant case would not be duplicated for a jury view. See *Langenhorst*, 219 Ill. 2d at 448-49. Accordingly, defendants have not shown that the possibility of a jury view, which is a factor that favors Will County, strongly favors transfer of this case from Cook to Will County.

¶ 24    Both plaintiffs' and defendants' attorneys maintain offices in downtown Chicago, Cook County, and this could result in lower expenses and costs being billed to the parties. See *Langenhorst v. Norfolk Southern Ry. Co.*, 354 Ill. App. 3d 1103, 1116 (2004) (The casual treatment of this factor originated in cases of interstate transfer; however, in the context of intrastate transfer, "a venue that offers convenience to the litigants' lawyers is a venue that addresses a practical problem that makes a trial easy, expeditious, and less expensive.").

Although little weight is accorded this factor, a court may still consider it in the analysis. *Dawdy*, 207 Ill. 2d at 179.

¶ 25     In considering the public interest factors, Will County has an interest in deciding a controversy involving a collision that occurred in Will County, where plaintiffs resided. We disagree, however, with defendants' assertion that Will County's interest in this controversy is significantly increased by the Will County sheriff and emergency personnel who responded to the scene and Mrs. Blake's medical treatment at a Will County hospital and by several Will County medical professionals. This lawsuit does not involve claims of medical malpractice and, thus, the involvement of Will County emergency personnel or medical professionals does not significantly increase Will County's interest in deciding this controversy.

¶ 26     The facts demonstrate that Cook County also has a legitimate interest in deciding a controversy involving its resident, Colfax Corporation. Colfax Corporation is located in Chicago; hires, trains and supervises workers who overwhelmingly serve customers at sites located in Cook County; and owns and maintains in Cook County the vehicles driven by its employees. Colfax is not a foreign corporation that has numerous facilities or offices throughout Illinois and merely a post office box located in Cook County. *Cf. Dawdy*, 207 Ill. 2d at 170, 182 (the local interest factor strongly weighed against the plaintiff's chosen forum of Madison County where one corporate defendant, a railroad, merely conducted business and maintained a post office box in Madison County but was a Delaware corporation with its principal place of business in Omaha, Nebraska). Plaintiffs have submitted into evidence a listing of Colfax's jobs from 2007 to 2012, and the listing shows that the overwhelming majority of defendant Warren's work for Colfax was performed in Cook County, the overwhelming majority of work performed by Colfax was performed in Cook County, and the overwhelming majority of Colfax's customers were in Cook County. Furthermore, according to a 2011 automobile schedule concerning insurance coverage, Colfax had at least 14 vehicles. Accordingly, Cook County had an interest in how Colfax, as a Cook County corporate resident, fulfilled its obligations to train and supervise safe drivers and to service and maintain safe vehicles.

¶ 27     Moreover, Colfax presumably pays taxes in Cook County, and Cook County jurors will not be unduly burdened by a trial involving the alleged negligence of one of its corporate residents for failure to properly supervise one of its employees and maintain the safety of its vehicles. Finally, court congestion is a relatively insignificant factor, especially when the record does not show the other forum would resolve the case more quickly. *Langenhorst*, 219 Ill. 2d at 451-52; *Guerine*, 198 Ill. 2d at 517. Even though circuit courts in Cook County handle a larger number of cases and jury trials than Will County, the statistics cited by the circuit court here showed that a case filed in Cook County reached a jury trial in about the same amount of time as a case filed in Will County.

¶ 28     After evaluating the total circumstances of this case, we conclude that the balance of private and public interest factors does not strongly favor Will County over Cook County. Defendants have failed to meet their burden of showing, as they alleged in their brief, that the parties or witnesses would be inconvenienced by a trial in Cook County, that trial would be impractical in Cook County, that Cook County had no connection to this controversy, or

that it would be unfair to burden the citizens of Cook County with trial in this case. Accordingly, we hold that the trial court did not abuse its discretion in denying defendants' intrastate *forum non conveniens* motion to transfer venue from Cook to Will County.

¶ 29                                    III. CONCLUSION

¶ 30        For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 31        Affirmed.