2022 IL App (1st) 220304

No. 1-22-0304

Third Division
September 21, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DIANE PETRUNGARO, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20 L 011018 |
| | ) | |
| SHARMISHTHA JAYACHANDRAN, M.D. | ) | |
| and RADIOLOGY SUBSPECIALISTS OF | ) | The Honorable |
| NORTHERN ILLINOIS, LLC, | ) | Moira Johnson, |
| | ) | Judge Presiding. |
| Defendants-Appellants. | ) | |
| | ) | |

_____

JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Reyes and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1     Diane Petrungaro (plaintiff) filed a medical malpractice lawsuit against her radiologist,

Sharmishtha Jayachandran, M.D. (Jayachandran), and her radiologist's employer, Radiology

Subspecialists of Northern Illinois (Radiology Subspecialists), alleging that her radiologist was

negligent in reading plaintiff's mammogram, which caused a delay in plaintiff's breast cancer

diagnosis and treatment. Plaintiff filed her lawsuit in Cook County. Defendants filed a *forum non conveniens* motion to transfer the case to Kane County. After weighing private and public interest factors, the trial court denied that motion. In this interlocutory appeal, defendants challenge the trial court's denial of their motion. For the following reasons, we affirm the trial court's decision.

¶ 2                                    I. BACKGROUND

¶ 3        The lawsuit in the case at bar arose from Jayachandran's interpretation of plaintiff's mammogram on or about October 4, 2018. According to plaintiff, Jayachandran misinterpreted plaintiff's mammogram as "normal" at that time. Jayachandran ordered a follow-up mammogram in one year.

¶ 4        In December of 2019, plaintiff relocated to North Carolina and sought medical care and treatment in Charlotte, North Carolina, where she was diagnosed with malignant neoplasm of her right breast. Plaintiff then underwent a total right breast mastectomy, followed by chemotherapy treatment.

¶ 5        On May 6, 2021, plaintiff filed her second amended complaint, alleging that, had Jayachandran properly interpreted the October 4, 2018, mammogram and diagnosed plaintiff's breast cancer at that time, plaintiff would have had the opportunity to undergo treatment that could have been more effective and less debilitating in treating her cancer. Plaintiff also named Jayachandran's employer, Radiology Subspecialists, a defendant.

¶ 6        Subsequently, defendants filed their *forum non conveniens* motion to transfer the case from Cook County to Kane County. In their motion, defendants argued that all of defendants' connections are in Kane County and plaintiff does not have connections to Cook County. Defendants pointed out that Jayachandran is a resident of Kane County and her practice is in

Kane County at Northwestern Medicine Delnor Hospital. Further, defendants alleged in their motion that Jayachandran's employer, Radiology Subspecialists, provides radiology services in Kane County and does not provide services to medical providers in Cook County. Regarding plaintiff, defendants alleged that she is neither a resident of Cook County nor Illinois, is currently a resident of North Carolina, and was a resident of Kane County at the time of the medical care at issue.

¶ 7　　Defendants argued that the private interest factors strongly favored transfer from Cook County to Kane County, contending that Kane County is more convenient for all parties, that Kane County is more convenient for witnesses who will testify at trial, and that all remaining private interest factors—including ease of access to documentary evidence, cost to obtain willing witnesses, and all other practical considerations for trial—strongly favor transfer. Defendants also argued that the public interest factors strongly favored transfer, arguing that Kane County has significant factual connections to the litigation, that the expense and burden of trial should be absorbed by Kane County because of its direct connection to the litigation, and that the lawsuit should be decided locally.

¶ 8　　In response, plaintiff countered that, regarding the first private interest factor, Cook County is more convenient for her, because, as a resident of Mecklenburg County, North Carolina, she would have to travel to Illinois during the trial, and O'Hare International Airport is closer to the Daley Center than to the Kane County courthouse. Regarding the second private interest factor (ease of access to evidence), plaintiff argued that "all documentary and real evidence is maintained and owned [by] [sic] Northwestern Medicine, a medical institution headquartered in Cook County." Moreover, plaintiff argued, that because most of her breast cancer treatment occurred in North Carolina, Cook County is more convenient in terms of travel for all of her

treating doctors and other witnesses. Finally, regarding the third private interest factor (ease, expeditiousness, and inexpensiveness of trial), plaintiff argued that both attorneys' offices are located in Cook County.

¶ 9 Regarding the public interest factors, plaintiff argued that defendant Radiology Subspecialists has a connection to Cook County because it "disclosed that it does business in Cook County and in particular provides medical and radiologic care and treatment to residents of Cook County." Moreover, plaintiff argued that since Radiology Subspecialists receives compensation from Cook County resident patients, Cook County jurors have an interest in deciding the matter. Finally, plaintiff argued that court congestion (which defendants argued is much more prevalent in Cook County) "is relatively insignificant and is insufficient to justify transfer of venue when none of the other relevant factors weigh strongly in favor of transfer."

¶ 10 On February 8, 2022, the trial court issued an order denying defendants' motion to transfer the case. The trial court found that deference must be given to plaintiff's choice of forum. Further, it found that the burden is on the party requesting transfer to show that the private and public interest factors strongly favor the defendant's choice of forum. It reasoned that the "private interest factors are not weighed against the public interest factors; rather, a trial court must evaluate the total circumstances of the case in determining whether the defendant has proven that the balance of factors strongly favors transfer."

¶ 11 Regarding the first private factor (convenience of the parties), the trial court found that Kane County is slightly more convenient than Cook County for defendants, as defendants' sole place of business is Kane County. Further, it found that the second private factor (relative ease of access to evidence) did not shift the balance of the analysis because about half of the possible witnesses resided in Kane County and the other half were outside of Kane County. Regarding

the third private factor (other practical problems), the trial court found that there would be no issue securing the presence of unwilling witnesses, as nearly all the witnesses reside in Illinois.

¶ 12        Regarding the first and second public interest factors (deciding the controversy locally and imposing the expense and burden of a trial on local residents), the trial court found that Kane County had a greater interest in the deciding the case because defendants practice medicine in Kane County and the alleged negligence occurred in Kane County. Regarding the third public interest factor (court congestion), the court noted that Cook County resolves cases more quickly than Kane County, but did not specifically find which county this fact favors.

¶ 13        Based on the foregoing, the trial court found that the defendants had not shown that these circumstances "strongly favored" transfer to Kane County, and accordingly denied their motion to transfer.

¶ 14        Defendants filed a timely appeal of the trial court's February 8, 2022, order.

¶ 15                                    II. ANALYSIS

¶ 16        In this interlocutory appeal, defendants challenge the trial court's denial of their *forum non conveniens* motion to transfer the case from Cook County to Kane County.

¶ 17        Defendant moved the trial court pursuant to Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018) to transfer this case from Cook County to Kane County. Rule 187(a) provides: "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." Ill. S. Ct. R. 187(a) (eff. Jan. 1, 2018).

¶ 18        Illinois Supreme Court Rule 306 (eff. Oct. 1, 2020) governs interlocutory appeals by permission. Rule 306 permits a party to petition the appellate court for leave to appeal "an order of the circuit court allowing or denying a motion to dismiss on the grounds of

*forum non conveniens*, or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State on such grounds." Ill. S. Ct. R. 306(a)(2) (eff. October 1, 2020). On April 6, 2022, this court granted plaintiff's petition for leave to appeal, and this appeal followed.

¶ 19        Illinois Supreme Court Rule 306(c)(1) (eff. Oct. 1, 2020) requires the petition to be accompanied by a supporting record, as that term is defined by Illinois Supreme Court Rule 328 (eff. July 1, 2017). Rule 328 permits a "supporting record" to be authenticated either by a certificate of the circuit court clerk or "by the affidavit of the attorney or party filing it." Ill. S. Ct. R. 328 (eff. July 1, 2017). In the case at bar, the supporting record was authenticated by an attorney's affidavit that was filed with the defendants' petition for leave to appeal.

¶ 20        The standard of review for a *forum non conveniens* decision is abuse of discretion. *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 14 (citing *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006)).

¶ 21        "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst*, 219 Ill. 2d at 441 (citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310). "*Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums," such as in the case at bar. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009).

¶ 22        "A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441. "We will reverse the circuit court's decision only if

defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy*, 207 Ill. 2d at 177); *Glass*, 393 Ill. App. 3d at 832. "The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would." *Vivas v. The Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009).

¶ 23                                A. Plaintiff's Choice of Forum

¶ 24         "Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum." *Vivas*, 392 Ill. App. 3d at 657 (citing *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference before weighing the relevant factors)).

¶ 25         Normally, the plaintiff's choice of forum is a substantial factor in deciding a *forum non conveniens* motion. *Dawdy*, 207 Ill. 2d at 173; *Vivas*, 392 Ill. App. 3d at 657. However, where the plaintiff chooses a forum other than where she resides, her choice is not entitled to the same weight. *Dawdy*, 207 Ill. 2d at 173-76; *Vivas*, 392 Ill. App. 3d at 657. How much weight her choice is entitled is not clearly defined: "While the deference to be accorded a plaintiff as to his choice of forum is less when the plaintiff chooses a forum other than where he resides, ' "the deference to be accorded is only *less*, as opposed to *none*." ' " (Emphases in original.) *Glass*, 393 Ill. App. 3d at 834 (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002), quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997)).

¶ 26    We therefore give plaintiff "some deference" but less deference than if she had chosen her home forum. *Vivas*, 392 Ill. App. 3d at 657-58. As the trial court granted "less weight to [plaintiff's] choice of forum", we do not find that it abused its discretion. We move now to the crux of the analysis, which involves a consideration of the private and public interest factors at play.

¶ 27                                    B. Private Interest Factors

¶ 28    The Illinois Supreme Court has held that a court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 443; *Dawdy*, 207 Ill. 2d at 172-73; see also *Vivas*, 392 Ill. App. 3d at 658. The private interest factors include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 29    First, the convenience of the parties does not strongly favor either county. Defendants' sole place of business is Kane County, and the allegedly negligent act that gave rise to this suit also took place there. However, plaintiff, a resident of North Carolina at the time of filing, argues that Cook County would be more convenient because she would be able to secure lodging with friends located in Cook County. Moreover, the counties are geographically adjacent. Finally, plaintiff argues that Jayachandran maintains a second residence at a condominium located in Cook County, though defendants dispute the nature and purpose of this property, arguing it is an investment property rather than a residence. Overall, we do not find that one forum is more

convenient than the other, although it may be more convenient for defendants to have a forum in Kane County.

¶ 30    Second, the relative ease of access to sources of testimonial, documentary, and real evidence does not indicate that the trial court abused its discretion. *Langenhorst*, 219 Ill. 2d at 443. In this case, more than half of the possible witnesses expected to be called at trial reside outside of Kane County. The location of relevant documents does not strongly favor either county, as most of the documents in this case are medical records, and such records are easily portable. See *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 2d 442, 451 (2008). Moreover, the parties are under an obligation to produce their employees, where relevant, and all relevant documents, whether the suit proceeds in Cook or Kane County. Illinois Supreme Court Rule 201(b)(1) (eff. July 1, 2014) provides that

> "a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things, and the identity and location of persons having knowledge of relevant facts."

Defendants have not shown where their expert witness resides, and many witnesses that will be called by plaintiff reside out of state, so a larger city like Chicago may be more convenient for them, instead of Kane County, given the fact that they may be required to fly into Chicago for the trial. Thus, neither the location of witnesses nor documents strongly favors either county.

¶ 31    Third, consideration of " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive' " also does not indicate an abuse of discretion. *Langenhorst*, 219

Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658. This court, which is in Chicago, Cook County, may take judicial notice of the fact that Kane County is adjacent to Cook County and that many people commute every day from Kane County to work in Chicago. Ill. R. Evid. 201(b) (eff. Jan. 1, 2011) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is *** generally known within the territorial jurisdiction of the trial court ***."); Ill. R. Evid. 201(c) (eff. Jan. 1, 2011) ("A court may take judicial notice, whether requested or not."). The proximity of the two counties, and the many roads and trains between the two, reduces any practical problems. *Spiegelman v. Victory Memorial Hospital*, 392 Ill. App. 3d 826, 844 (2009) (observing "the close proximity of Lake County to Cook County"); *Huffman v. Inland Oil & Transport Co.*, 98 Ill. App. 3d 1010, 1018 (1981) ("arguments regarding convenience to the parties and the witnesses [are] of little merit where the Missouri forum suggested by defendant was only 15 miles from the chosen forum"). Moreover, because no part of this case is alleged to have taken place outside of the state, any unwilling witnesses can be secured with a subpoena from the trial court.

¶ 32       Accordingly, we do not find that the private interest factors strongly favor transfer to Kane County and the trial court did not abuse its discretion in reaching that conclusion.

¶ 33                                    C. Public Factors

¶ 34       When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44

(citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 170 (2005); *Dawdy*, 207 Ill. 2d at 173; see also *Vivas*, 392 Ill. App. 3d at 660.

¶ 35    Regarding the first two factors, we find that Kane County would be more appropriate, given that the alleged negligence occurred there. Thus, resolving the controversy locally would mean resolving this lawsuit in Kane County with Kane County jurors. The third public factor requires consideration of court congestion. Here, the most recent data available from the Annual Report of the Illinois Courts, (Annual Report of the Illinois Courts, https://www.illinoiscourts.gov/reports/annual-report-illinois-courts/ (last visited Sept. 9, 2022) [https://perma.cc/U9J2-4EP3]), indicates that although Cook County receives more cases than Kane County, it resolves them about twice as quickly. Therefore, this factor favors Cook County, while the first two factors favor Kane County.

¶ 36    Thus, two of the public factors favor transfer, while one does not. However, defendants have not shown that the public factors "strongly favor" transfer, as required by the applicable legal standard.

¶ 37                                    III. CONCLUSION

¶ 38    Overall, we do not find that the private and public interest factors strongly favor transfer to Kane County; therefore, we also find that the trial court did not abuse its discretion in reaching that conclusion. For the foregoing reasons, we affirm the trial court's judgment.

¶ 39    Affirmed.

*Petrungaro v. Jayachandran*, 2022 IL App (1st) 220304

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-L-011018; the Hon. Moira Johnson, Judge, presiding. |
| **Attorneys for Appellant:** | Kevin J. Vedrine, Robert L. Larsen, and Marisa A. Kay, of Cunningham, Meyer & Vedrine, P.C., of Warrenville, for appellants. |
| **Attorneys for Appellee:** | Michael W. Rathsack, Gena Gruss Romagnoli, and Henry Phillip Gruss, all of Chicago, for appellee. |